IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00818-BNB

CRAIG ROBLEDO-VALDEZ,

    Plaintiff,

v.

JEWEL WEST,
TRAVIS TRANI,
DALE BURKE,
CHRIS BARR,
DANIEL DENT,
ANDREA NICHOLS,
JOE KELEMAN,
REANNE WILL,
RHONDA HADRICK,
LESLIE PAYNE,
CARMEN ESTRADA,
CAROL SOARES,
SEAN FOSTER,
SGT. RODECAP,
DENNIS BURBANK,
KEITH NORDELL,
ANTHONY DeCESARO,
2 UNKNOWN TIME COMPUTATION OFFICERS
MARK FARIBAIRN,
REGINA ROBERTS,
ANGELA TIDEMANN,
MR. MEISNER,
MS. JIMENEZ,
BRANDON WITZ,
SUSAN JONES,
MR. SPURLOCK,
PATSY HARTLEY,
TRACY SWINDLER,
MARSHALL GRIFFITH,
PAUL LARSON,
MR. SMITH,
MS. DeFUSCO,
2 UNKNOWN PAROLE BOARD MEMBERS,
CHAIRMAN OF PAROLE BOARD,

LINDA MAIFELD,
LARRY WATSON,
TINA VALDEZ,
HEAD OF OFFENDER SERVICES,
DANIEL LAKE,
DANIEL BARBERO,
MS. MORRIS,
JAMES SINNOTT, and
MR. COSABONE,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Craig Robledo-Valdez, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Robledo-Valdez initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On March 26, 2014, Mr. Robledo-Valdez filed an Amended Prisoner Complaint (ECF No. 7).

Mr. Robledo-Valdez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims Mr. Robledo-Valdez is asserting are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous and malicious.

The Court must construe the Amended Prisoner Complaint liberally because Mr. Robledo-Valdez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Prisoner Complaint reasonably can be read "to state a valid claim on which

the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Robledo-Valdez asserts twenty-one claims for relief against forty-five Defendants in the Amended Prisoner Complaint.[1]  The claims relate to incidents that occurred while Mr. Robledo-Valdez was incarcerated at the Centennial Correctional Facility and the Colorado State Penitentiary from May 2011 to September 18, 2012.  Mr. Robledo-Valdez currently is incarcerated at the Sterling Correctional Facility.  He concedes that he previously filed a lawsuit, *see Robledo v. West*, No. 13-cv-01577-LTB (D. Colo. Jan. 21, 2014), *appeal filed*, No. 14-1067 (10th Cir. filed Feb. 24, 2014), against all of the same Defendants in which he raised "[s]imilar if not [the] same claims." (ECF No. 7 at 27.)  The Court dismissed civil action number 13-cv-01577-LTB as legally frivolous.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious."  *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted).  To determine whether a pleading repeats pending or previously litigated claims, the Court may consult its own records.  *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).  The Court has consulted its records and finds that the claims Mr. Robledo-Valdez asserts in the instant action are repetitive of the claims he raised in case number 13-cv-01577-LTB.  Although

---

[1] The Amended Prisoner Complaint includes two separate claims identified as claim 7.  (*See* ECF No. 7 at 18-19.)

the two actions are not identical, most of the claims in the Amended Prisoner Complaint actually were raised in civil action number 13-cv-01577-LTB. To the extent Mr. Robledo-Valdez is asserting a claim or claims challenging the conditions of his confinement that were not actually raised in civil action number 13-cv-01577-LTB, he fails to allege specific facts that support an arguable claim for relief.

Mr. Robledo-Valdez also includes in the Amended Prisoner Complaint claims challenging parole proceedings that were not raised in civil action number 13-cv-01577-LTB. To the extent Mr. Robledo-Valdez is challenging the execution of his sentence and seeking habeas corpus relief, the parole-related claims may not be raised in a civil rights action pursuant to 42 U.S.C. § 1983. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to 28 U.S.C. § 2241 and conditions of confinement claims raised in civil rights actions). Furthermore, Mr. Robledo-Valdez previously has filed at least two habeas corpus actions in the District of Colorado in which he raised claims challenging some, and possibly all, of the same parole proceedings. *See Robledo v. Schaeffer*, No. 13-cv-02084-LTB (D. Colo. Feb. 11, 2014); *Robledo-Valdez v. Trani*, No. 12-cv-02203-WYD (D. Colo. June 26, 2013). To the extent Mr. Robledo-Valdez may be seeking other relief with respect to the parole-related claims, the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82

(2005).

For these reasons, the instant action will be dismissed as legally frivolous and malicious. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint, the Amended Prisoner Complaint, and the action are dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  18th  day of   April  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court